**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **HUBERT MARK HALL, JR. and** | : | |
| **SELMA ANITA HALL,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Case No.** |
| **v.** | : | **7:11-cv-63 (HL)** |
| | : | |
| **WELLS FARGO BANK, N.A.,** | : | |
| | : | |
| **Defendant.** | : | |

_____

## ORDER

Before the court is Defendant Wells Fargo's Motion to Dismiss (Doc. 3). For the following reasons, the motion is granted.

### I. **Background**

Plaintiffs Hubert Mark Hall and Selma Anita Hall executed a mortgage on their Moultrie, Georgia home ("Subject Property") in July 2007. This mortgage was last assigned to Defendant Wells Fargo Bank. In 2010, Plaintiffs requested modification of the terms of their mortgage pursuant to the Home Affordable Modification Program ("HAMP"), but their request for modification was denied. As a result, Plaintiffs defaulted on their mortgage and Defendant foreclosed on the Subject Property in accordance with foreclosure provisions in the Security Deed.

Plaintiffs have now filed this action against Defendant, alleging two statutory violations. Count I alleges that Defendant's refusal to modify the terms of the mortgage and Defendant's decision to foreclose on the home constitute a

failure to comply with HAMP. Count II claims that Defendant failed to provide information to Plaintiffs as required by the Truth In Lending Act ("TILA"). Plaintiffs seek declaratory and injunctive relief.

## II. **Standard of Review**

On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." Id. at 1950. A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

III. **Analysis**

    a. **Home Affordable Modification Program ("HAMP")**

In 2008, Congress passed the Emergency Economic Stabilization Act (EESA) in response to the sluggish American economy. The statute was intended "to immediately provide authority and facilities that the Secretary of the Treasury can use to restore liquidity and stability to the financial system of the United States[.]" 12 U.S.C. § 5201 *et seq.* With the authority granted under the EESA, the Department of Treasury, along with other government institutions, created the Making Home Affordable Program. HAMP was born out of this initiative.

The goal of HAMP is to incentivize participating mortgage servicers to allow modification of the terms of home loans in an effort to keep homeowners out of foreclosure. Warren v. Bank of Am., No. 4:11-cv-70, 2011 WL 2116407, at *1 (S.D. Ga. May 24, 2011). Under the statute, participating lenders review the mortgagor's application for modification and use Guidelines set forth by the Secretary of the Treasury to determine whether modification is appropriate. Zoher v. Chase Home Fin., No. 10-14135-CIV, 2010 WL 4064798, at *2 (S.D. Fla. Oct. 15, 2010). As part of HAMP's design, the Secretary designated the Federal Home Loan Mortgage Corporation ("Freddie Mac") as a compliance officer to ensure the Guidelines were followed. Id. Freddie Mac "independently evaluates data provided by the servicers to determine whether they are properly assessing borrower eligibility." Id.

In this case, Plaintiffs' claim under HAMP alleges that Defendant failed to properly review their application for modification of the terms of their loan. However, courts have consistently held that mortgage servicers who have declined to modify loans are not proper subjects for civil compliance actions. See e.g. Warren, 2011 WL 2116407 (dismissing plaintiff's complaint on its face because HAMP did not provide a proper avenue for suit); Robinson v. Wells Fargo, No. 09-2066-PHX_JAT, 2010 WL 2534192 (D. Ariz. June 18, 2010) (finding no private right of action under EESA).

In Zoher v. Chase Home Financing, a case strikingly similar to the one at hand, the court noted that plaintiffs who attempt to sue mortgage servicers generally assert their claims under two theories. 2010 WL 4064798 at *2. First, some plaintiffs bring claims alleging "a private right of action for modification of the contract between the plaintiff mortgagor and the defendant mortgagee." Id. Second, plaintiffs have also alleged that they are third-party beneficiaries in the contract under HAMP between mortgage servicers and the government. Id. Both of these claims are discussed below.

i. **Private Right of Action**

In its Motion to Dismiss, Defendant correctly argues that HAMP does not provide an express private right of action. Neither the language of the EESA nor the HAMP Guidelines provide for a private right of action to allow borrowers to bring an action directly against mortgage servicers. Id. at *3. To the contrary, Congress named Freddie Mac as the sole compliance officer, indicating a desire

4

for compliance enforcement to come from this expressly named entity, not private citizen suits. Id. The absence of any express language creating a private right of action, along with the delegation of authority to Freddie Mac, serves as evidence that Congress did not intend to create an express cause of action for private individuals to sue under HAMP.

Additionally, there is no implied cause of action under HAMP. Id. To determine whether an implied right of action exists, courts apply a four-factor test from Cort v. Ash, 422 U.S. 66, 95 (1975). The court must consider:

> (1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted-that is [whether] the statutes create[s] a federal right in favor of the plaintiff; (2) whether there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; (3) whether the cause of action is consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to confer a cause of action based solely on federal law.

Zoher, 2010 WL 4064798 at *3 (quoting Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080 (1975)). The Zoher court applied these factors and found that there was no implied cause of action in HAMP, and this Court agrees with its analysis. Id. at *3. First, the statute was not created with a certain plaintiff in mind; instead, the statute was created "to assist homeowners and financial institutions in general." Id. Second, as discussed above, there is no evidence of any legislative intent to create a private right of action. In fact, principles of statutory interpretation lead to the opposite conclusion. Freddie Mac was expressly designated the compliance

mechanism, which indicates that other options for compliance should not be created by implication. Third, the legislative scheme would not be furthered by an implied private right of action. "Finding an implied private right of action for mortgagors would discourage servicers from participating in the program because they would be exposed to significant litigation expenses." Id. at *4. Finally, controversies over contract and real property claims are typically governed by state law and therefore inappropriate for federal intervention. Id. Therefore, applying the Cort factors, an implied private right of action under HAMP was not intended by Congress.

## ii.  **Intended Third-Party Beneficiaries**

The question of "whether, for standing purposes, a non-party to a contract has a legally enforceable right is a matter of state law." AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007) (citing Miree v. DeKalb Cnty., 433 U.S. 25, 28, 97 S.Ct. 2490) (1977)). According to Georgia law, a third-party beneficiary has standing only when the contract is clearly intended for his benefit. Warren, 2011 WL 2116407 at *2 (citing Danjor, Inc. v. Corp. Constr., Inc., 272 Ga.App. 695, 697, 613 S.E.2d 218 (2005)). Third-party beneficiary status is conveyed "only through the presence of an express contract term tending to show that promises were made for the express benefit of a third party." Dominic v. Eurocar Classics, --- S.E.2d ---, 2011 WL 2697056 at *4 (Jul. 13, 2011) (citing Se. Grading, Inc. v. City of Atlanta, 172 Ga.App. 798, 800, 324 S.E.2d 776 (1984)).

6

In this case, there are no express contract provisions creating actionable rights. To the contrary, "every court that has examined whether Congress intended to endow mortgagors with third party beneficiary rights to enforce HAMP has held that it did not." Warren, 2011 WL 2116407 at *3.

In their Response to Defendant's Motion to Dismiss, Plaintiffs contend that they "are not arguing [third] party beneficiary status to HAMP"; instead, Plaintiffs claim that their action can proceed under HAMP as a "requisite condition precedent to sale by its terms." (Doc. 7, p. 4). However, Plaintiffs' choice of words is merely an attempt to couch their argument in different terms to circumvent the bar against third-party actions. Whether Plaintiffs call themselves third-party beneficiaries or victims of Defendant's failure to follow a "requisite condition precedent," Plaintiffs are still attempting to bring a claim under HAMP as third-party beneficiaries, and this is an invalid action.

In sum, Plaintiffs are foreclosed from bringing an action under HAMP because there is no private right of action under the statute and Plaintiffs do not qualify for third-party beneficiary status. Thus, their claims under HAMP are dismissed for failure to state a claim upon which relief can be granted.

### b. **Truth In Lending Act ("TILA")**

Under TILA, "when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411, 118 S.Ct.

1408 (1998) (citing 15 U.S.C. § 1601 *et seq.*). Pursuant to 15 U.S.C. § 1640(e), claims under TILA must be brought within one year of the date of the alleged violation, unless the claim is for recoupment. A recoupment action allows plaintiffs to bring their claim at any time. Beach, 523 U.S. at 416. To qualify as recoupment, "the cause of action must be asserted defensively in an action that is timely." Goldman v. Aurora Loan Servs., LLC., No. 1:09-cv-3337-RWS, 2010 WL 3842308, at *3 (N.D. Ga. Sept. 24, 2010) (quoting Smith v. Am. Fin. Sys. Inc., 737 F.2d 1549, 1554 (11th Cir. 1984) (internal quotations omitted). Thus, a plaintiff who brings a defendant into court in an affirmative action is not eligible to assert a claim for recoupment. Id.

Plaintiffs' loan was closed on July 27, 1997 and their lawsuit was not filed until March 31, 2011, which means that Plaintiffs' claim would ordinarily be barred by the statute of limitations. However, Plaintiffs, apparently aware of this time limitation, have alleged that their action is for recoupment. Unfortunately, as Plaintiffs have affirmatively asserted their claim against defendants, recoupment is unavailable as a remedy. Thus, the TILA claims asserted against Defendant must be dismissed as they are barred by the statute of limitations.

## IV. **Conclusion**

Plaintiffs have not asserted valid claims against Defendant under either HAMP or TILA, and therefore, this case must be dismissed.

**SO ORDERED,** this 15th day of September, 2011.

                                    /s/ Hugh Lawson
                                    HUGH LAWSON, SENIOR JUDGE

ebr